**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
TAYLER ULMER on behalf of herself and all : 
similarly situated employees,            :  Civil Action No. 22-cv-05662
                                         :
          Plaintiffs,                    :
                                         :
    v.                                   :  **CLASS ACTION COMPLAINT**
                                         :
STREETTEAM SOFTWARE, LLC d/b/a POLLEN    :
                                         :  **Jury Trial Demanded**
          Defendant.                     :
-------------------------------------------------------------X

Plaintiff Tayler Ulmer ("Ulmer" or "Plaintiff"), on behalf of herself and all others similarly situated, alleges for her Complaint against StreetTeam Software, LLC d/b/a Pollen ("Pollen" or "Defendant" or the "Company") as follows:

**PRELIMINARY STATEMENT**

1.      Pollen is a destination events company that specializes in the fields of travel, festivals, entertainment, experiences and youth culture.  It markets itself as an invite-only marketplace using influencer marketing for experiences and events.  The company partners with brands such as Live Nation, MGM Resorts and Universal Music Group and integrates with ticket providers such as Ticketmaster, Eventbrite, Priceline and Stubhub.

2.      In April 2022, Pollen's co-founders and president bragged that the company raised $150 million in funding from six well-known venture capital funds.  This was in addition to the $100 million dollars it previously raised.

3.      Pollen apparently used this huge influx of money to pay for, among other things, the "housing" and "entertainment" expenses of the Company's co-founders, Callum Negus-Fancey (Chief Executive Officer) and Liam Negus-Fancey (Chief Operating Officer).

1

4. Sadly, in June 2022, the Company stopped paying its hard-working employees. Nonetheless, it urged those employees to continue working, claiming that it was in the "final stages of negotiating a transaction" and promising that, once it did so, it would pay "all that you [the employees] are owed." That never happened. Instead, Pollen fired Ulmer after her repeated inquiries about the late and missing paychecks.

5. Ulmer brings this action on behalf of herself and all other similar Pollen employees in New York pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the New York Labor Law, Article 6, §§ 191, 193 ("NYLL").

## JURISDICTION AND VENUE

6. The District Court has original jurisdiction of this civil action pursuant to 28 U.S.C. § 1332(a). The amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

7. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to this case occurred in the Eastern District of New York. Plaintiff was employed at all relevant times in this District and her wages and benefits were due in this District.

## PARTIES

8. Tayler Ulmer is a resident of Kings County, New York. At all relevant times, Ulmer met the definition of an "employee" and/or "eligible employee" under all applicable statutes.

9. StreetTeam Software, LLC d/b/a Pollen is a Delaware limited liability company with its principal place of business in Henderson, Nevada. Upon information and belief, the members of the LLC are not residents of New York. At all relevant times, Pollen met the definition of an "employer" under all applicable statutes.

# FACTUAL ALLEGATIONS

## I. ALLEGATIONS SPECIFIC TO ULMER

10. Ulmer began working for Pollen as a Research Manager in March 2022.

11. During her tenure with Pollen, Ulmer worked remotely from her home in New York.

12. Pollen's policy was to pay Ulmer and its other employees in the United States twice per month – on the 15th and last day of each month.

13. On June 30, 2022, Pollen failed to pay Ulmer her wages.

14. Ulmer protested, asking when Pollen would pay her wages.

15. On or about July 15, 2022, Anne Bedi, Pollen's Chief People Officer, advised that the June 30, 2022 paychecks would be made to each of the Pollen employees that day.

16. On July 15, 2022, Pollen belatedly paid Ulmer her June 30, 2022 paycheck.

17. Despite numerous promises to pay earlier, the June 30, 2022 paycheck was not paid until July 15, 2022.

18. However, Pollen failed to pay Ulmer her July 15, 2022 paycheck. Bedi instead claimed that Pollen would make another belated payment on July 22, 2022 and that "[f]rom that point on payment schedules will be back to normal."

19. On July 21, 2022, Pollen reneged on the promise. Bedi now claimed that the July 15, 2022 paycheck would arrive the week of July 25, 2022. She also advised that Pollen would be back to their "normal pay cycle schedule" thereafter.

20. On July 29, 2022, Callum Negus-Fancey announced yet another delay in payment. He claimed that Pollen had been in negotiations with a new partner and that the deal was due to conclude earlier in the week of July 25, 2022.

21. In fact, Pollen never paid Ulmer or her New York colleagues for the pay periods ending the July 15, 2022, and July 31, 2022.

22. In addition, Pollen failed to pay insurance premiums for its employees, and, as a result, Ulmer's health insurance coverage through Pollen lapsed on July 1, 2022, without her knowledge.

23. On August 9, 2022, Callum Negus-Fancey advised employees that the company was appointing administrators to "restructure" after they were not able to sell the company in its entirety.

24. On August 10, 2022, Pollen dismissed Ulmer and many of her New York colleagues.

## CLASS ALLEGATIONS
## (NYLL)

25. Upon information and belief, as with Ulmer, Pollen failed to pay each of its New York employees in a timely manner on June 30, 2022 and failed to pay each of its New York employees thereafter.

**I.   CLASS DEFINITION**

26. This is a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, brought by the New York Plaintiff on behalf of a "Proposed NYLL Class" of similarly-situated employees. The Proposed NYLL Class (subject to future revision as may be necessary), is defined as follows:

> All employees who worked for Pollen in New York after June 15, 2022 (the "NYLL Class").

27. In order to be a member of the Proposed NYLL Class, an individual must have been or be included within the scope of the class definition at any time during the applicable

liability or statute of limitations periods, up to and including the date of any judgment in this case (the "Proposed NYLL Class Period").

28. The unlawful conduct suffered by the Plaintiff and the members of the Proposed NYLL Class, includes, but is not limited to:

- Performing work for Pollen after June 30, 2022 but failing to be paid for such work; and

- Failing to be paid timely for the work performed between June 15, 2022 and June 30, 2022.

29. The Proposed NYLL Class contains approximately 28 members during the applicable limitations period.

30. The Plaintiff and the Proposed NYLL Class have standing to seek the relief sought herein because of the adverse effects that Defendant's unlawful patterns, practices and/or policies have had on them individually and generally.

31. The patterns, practices and/or policies described in this action demonstrate that Defendant's violations of the NYLL are not sporadic or unusual; rather, they are part and parcel to its standard operating patterns, practices and/or policies.

II. **NUMEROSITY AND IMPRATICALITY OF JOINDER**

32. The members of the Proposed NYLL Class are sufficiently numerous to make joinder of their claims impracticable. While the exact number of Proposed NYLL Class members is unknown because such information is in the exclusive control of Defendant, upon information and belief there are at least 28 current and former employees who have been the victim of Defendant's violations of the NYLL.

33. Although precise determination of the number of Proposed NYLL Class members is impossible at this time, it is significant and satisfies the numerosity requirement of FRCP 23(a).

## III. COMMON QUESTIONS OF LAW AND FACT

34. The claims alleged on behalf of the Plaintiff and the Proposed NYLL Class raise questions of law and fact common to the Plaintiff and all Proposed NYLL Class members. Chief among these questions are as follows:

- Whether Defendant compensated Plaintiff and the Proposed NYLL Class for all work performed; and

- Whether Defendant compensated Plaintiff and the Proposed NYLL Class on a timely basis.

35. Thus, the common question requirement of FRCP 23(a) is satisfied.

## IV. TYPICALITY OF CLAIMS AND RELIEF SOUGHT

36. The Plaintiff is a member of the Proposed NYLL Class she seeks to represent.

37. The claims of the Plaintiff are typical of the claims of the Proposed NYLL Class in that they all arise from the same unlawful patterns, practices and/or policies of Defendant and are based on the legal theory that these patterns, practices and/or policies violate legal rights protected by state law.

38. The Plaintiff and the members of the Proposed NYLL Class all allege that they each were the victim of violations of the NYLL, including a failure to pay wage in violation of NYLL § 193 and a failure to pay wages timely in violation of NYLL § 191.

39. The relief that the Plaintiff seeks for Defendant's unlawful patterns, practices and/or policies is typical of the relief which is sought on behalf of the Proposed NYLL Class.

40. Thus, the typicality requirement of FRCP 23(a) is satisfied.

## V. ADEQUACY OF REPRESENTATION

41. The interests of the Plaintiff are co-extensive with those of the Proposed NYLL Class she seeks to represent in the instant case.

42. The Plaintiff is willing and able to represent the Proposed NYLL Class fairly and vigorously as she pursues her similar individual claims.

43. The Plaintiff has retained counsel who are qualified and experienced in employment and wage and hour class action litigation and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity.

44. The combined interests, experience and resources of the Plaintiff and her counsel to competently litigate the individual and class claims at issue in the instant case satisfy the adequacy of representation requirement of FRCP 23(a).

## VI. REQUIREMENTS OF RULE 23(b)

### A. Rule 23(b)(1)

45. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations.

46. Specifically, all evidence of Defendant's patterns, practices and/or policies, and the issue of whether it is in violation of NYLL would be exchanged and litigated repeatedly.

47. Accordingly, certification of the Proposed NYLL Class is the most efficient and judicious means of presenting the evidence and arguments necessary to resolve such questions for the Plaintiff, the Proposed NYLL Class and Defendant.

48. By filing this action, the Plaintiff is preserving the rights of Proposed NYLL Class members with respect to the statute of limitations on their claims. Therefore, not certifying a

class would substantially impair and/or impede the other members' ability to protect their interests.

### B. Rule 23(b)(3)

49. The common issues of fact and law affecting the Plaintiff's claims and those of the Proposed NYLL Class, including, but not limited to, the common issues identified in the paragraphs above, predominate over issues affecting only individual claims.

50. A class action is superior to other available means for the fair and efficient adjudication of the Plaintiff's claims and the claims of the Proposed NYLL Class.

51. The cost of proving Defendant's pattern and practice of violating the NYLL makes it impracticable for the members of the Proposed NYLL Class to pursue their claims individually.

52. The class action will not be difficult to manage for reasons including, but not limited to, the discrete organizational nature of the Proposed NYLL Class, as well as the common questions of law and fact described above.

### FIRST CAUSE OF ACTION
### (Failure to Pay Wages Timely in Violation of NYLL § 191)
### *Against Defendant*

53. The Plaintiff, on behalf of herself and the Proposed NYLL Class, hereby repeat, reiterate and re-allege each and every previous allegation as if fully set forth herein.

54. The timely payment of wages provisions of NYLL § 191 apply to Defendant and protect Plaintiff and the Proposed NYLL Class.

55. Defendant failed to pay Plaintiff and the Proposed NYLL Class on a timely basis as required by NYLL § 191.

56. The Plaintiff and the Proposed NYLL Class were not exempt from the requirement that Defendant timely pay them for all hours worked under the NYLL.

57. As a result of Defendant's failure to timely pay the Plaintiff and the Proposed NYLL Class their wages for all hours worked, Defendant violated the NYLL.

58. Defendant's violations of the NYLL have significantly damaged the Plaintiff and the Proposed NYLL Class.

59. Based on the reasons set forth herein, Defendant did not always pay the Plaintiff and the Proposed NYLL Class timely, and therefore, Plaintiff and the Proposed NYLL Class are entitled to recover from Defendant the amount of untimely paid wages as liquidated damages, reasonable attorney's fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## SECOND CAUSE OF ACTION
### (Failure to Pay Wages in Violation of NYLL § 193)
*Against Defendant*

60. The Plaintiff, on behalf of herself and the Proposed NYLL Class, hereby repeat, reiterate and re-allege each and every previous allegation as if fully set forth herein.

61. The payment of wages provisions of NYLL § 193 apply to Defendant and protect Plaintiff and the Proposed NYLL Class.

62. Defendant failed to pay Plaintiff and the Proposed NYLL Class wages as required by NYLL § 193.

63. The Plaintiff and the Proposed NYLL Class were not exempt from the requirement that Defendant pay them for all hours worked under the NYLL.

64. As a result of Defendant's failure to pay the Plaintiff and the Proposed NYLL Class their wages for all hours worked, Defendant violated the NYLL.

65. Defendant's violations of the NYLL have significantly damaged the Plaintiff and the Proposed NYLL Class.

66. Based on the reasons set forth herein, Defendant did not always pay the Plaintiff and the Proposed NYLL Class wages for hours worked, and therefore, Plaintiff and the Proposed NYLL Class are entitled to recover from Defendant the amount of untimely paid wages plus liquidated damages, reasonable attorney's fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the Proposed NYLL Class, pray that the Court enter judgment in their favor and against Defendant, containing the following relief:

A. Certification of the case as a class action maintainable under FRCP 23, on behalf of the Proposed NYLL Class;

B. Designation of the Plaintiff as representatives of the Proposed NYLL Class;

C. Designation of Plaintiff's counsel of record as class counsel for the Proposed NYLL Class;

D. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the State of New York;

E. An injunction and order permanently restraining Defendant and their partners, officers, owners, agents, successors, employees and/or representatives, and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

  F. An order directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect the lives of Plaintiff and the Proposed NYLL Class;

  G. An award of damages against Defendant, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff and the Proposed NYLL Class for all monetary and/or economic damages;

  H. An award of damages against Defendant, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff and the Proposed NYLL Class for all non-monetary and/or compensatory damages;

  I. An award of liquidated damages;

  J. An award of punitive damages;

  K. Pre- and post-judgment interest on all amounts due;

  L. An award of costs that Plaintiff and the Proposed NYLL Class incur in this action, as well as an award of reasonable attorneys' fees to the fullest extent permitted by law; and

  M. Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all issues of fact and damages.

Dated: September 22, 2022
New York, New York

Respectfully Submitted,

**WIGDOR LLP**

By: _____

Valdi Licul
Sagar K. Shah

85 Fifth Avenue
New York, New York 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
vlicul@wigdorlaw.com
sshah@wigdorlaw.com

*Counsel for Plaintiff and Proposed Counsel for the Proposed NYLL Class*