Liam Negus-Fancey
liamnf1993@gmail.com
No. 13 Freeland Park, Wareham Road,
Lytchett Matravers, Poole, England, BH16 6FA
00 44 7814 158485

Defendant

```
                          FILED
                 CLERK, U.S. DISTRICT COURT

                     OCT 1 2023

            CENTRAL DISTRICT OF CALIFORNIA
            BY: _____EEE_____ DEPUTY
```

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| TAYLOR ULMER; SERGIO GIANCASPRO; CORI ERSHOWSKY; ALEXIS GERACI; JAMERE BOWERS; ADAKU IBEKWE, individually and on behalf of all similarly situated, | Civil Action No. 2:23-cv-2226-HDV (AGRx) |
| Plaintiffs, | **ANSWER OF LIAM NEGUS-FANCEY TO AMENDED CLASS ACTION COMPLAINT** |
| vs. | |
| STREETTEAM SOFTWARE, LLC , d/b/a POLLEN, NETWORK TRAVEL EXPERIENCES, INC.,JUSEXPERIENCES UK LIMITED; CALLUM NEGUS-FANCEY; LIAM NEGUS-FANCEY; and JAMES ELLIS, | |
| Defendants. | |

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Defendant, Liam Negus-Fancey, ("Defendant") herby answers the Amended Class Action Complaint filed by Plaintiffs Tayler Ulmer ("Ulmer"), Sergio Giancaspro ("Giancaspro"), Cori Ershowski ("Ershowski"), Alexis Geraci ("Geraci"), Jamere Bowers ("Bowers"), and Adaku Ibekwe ("Ibekwe") (collectively with Ulmer, Giancaspro, Ershowski, Geraci, and Bowers,

"Plaintiffs") on behalf of themselves and all others similarly situated (the "Complaint") on file herein as follows:

### PRELIMINARY STATEMENT

1.  Defendant denies the allegations of Paragraph 1 of the Complaint.

2.  Defendant denies the allegations of Paragraph 2 of the Complaint.

3.  Defendant denies the allegations of Paragraph 3 of the Complaint.

4.  Defendant denies the allegations of Paragraph 4 of the Complaint.

5.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 5 and, on that basis, denies them.

### JURISDICTION AND VENUE

6.  Plaintiff merely states legal conclusions in Paragraph 6 which require no response and the provisions of 28 U.S.C. § 1338(a) speak for themselves.

7.  Plaintiff merely states legal conclusions in Paragraph 7 which require no response and the provisions of 28 U.S.C. § 1367 speak for themselves.

8.  Defendant denies the allegations of Paragraph 8 given the transfer of the case.

### PARTIES

9.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations "Ulmer is a resident of Kings County, New York." and "At all relevant times, Ulmer met the definition of an "employee" and/or "eligible employee" under all applicable statutes." Defendant, Liam Negus-Fancey denies all other allegations of Paragraph 9 of the Complaint.

10. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations "Giancaspro is a lawful permanent resident of the United States and a resident of California." and "At all relevant times, Giancaspro met the definition of an "employee" and/or "eligible employee" under all applicable statutes." Defendant, Liam Negus-Fancey, denies all other allegations of Paragraph 10 of the Complaint.

11. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations "Ershowski is a citizen and resident of California." and "At all relevant times, Ershowski met the definition of an "employee" and/or "eligible employee" under all applicable statutes." Defendant, Liam Negus-Fancey, denies all other allegations of Paragraph 11 of the Complaint.

12. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations "Geraci is a citizen and resident of New York." and "At all relevant times, Geraci met the definition of an "employee" and/or "eligible employee" under all applicable statutes." Defendant, Liam Negus-Fancey, denies all other allegations of Paragraph 12 of the Complaint.

13. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations "Bowers is a citizen and resident of Wisconsin" and "At all relevant times, Bowers met the definition of an "employee" and/or "eligible employee" under all applicable statutes." Defendant, Liam Negus-Fancey, denies all other allegations of Paragraph 13 of the Complaint.

14. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations "Ibekwe is a citizen and resident of California." and "At all relevant times, Ibekwe met the definition of an "employee" and/or "eligible employee" under all applicable statutes." Defendant, Liam Negus-Fancey, denies all other allegations of Paragraph 14 of the Complaint.

15. Defendant admits the allegation that "StreetTeam Software, LLC d/b/a Pollen is a Delaware limited liability company" and that "StreetTeam operates in the United States under the business name "Pollen."" but denies all other allegations of Paragraph 15 of the Complaint.

16. Defendant admits the allegation that "NTE is a Delaware corporation" but denies all other allegations of Paragraph 16 of the Complaint.

17. Defendant admits the allegation that "JusExperiences is a United Kingdom private limited company with its principal place of business in London, United Kingdom." but denies all other allegations of Paragraph 17 of the Complaint.

18. Plaintiffs are merely defining a term which does not require an admission or denial.

19. Defendant admits the allegation that "Callum Negus-Fancey is, on information and belief, a citizen and resident of London, United Kingdom." and that he "served as the Chief Executive Officer ("CEO") of their parent company, StreetTeam UK." but denies all other allegations of Paragraph 19 of the Complaint.

20. Defendant admits the allegation that "Liam Negus-Fancey is, on information and belief, a citizen and resident of London, United Kingdom." and that he "served as the Chief

Revenue Officer ("CRO") of their parent company, StreetTeam UK." but denies all other allegations of Paragraph 20 of the Complaint.

21. Defendant admits the allegation that "Liam Negus‑Fancey is, on information and belief, a citizen and resident of London, United Kingdom." and that "Ellis served as the President of their parent company, StreetTeam UK." and "Secretary of NTE." but denies all other allegations of Paragraph 17 of the Complaint.

22. Plaintiffs are merely defining a term which does not require an admission or denial.

## ENTITY AND INDIVIDUAL LIABILITY

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

28. Defendant denies the allegations in Paragraph 28.

29. Defendant denies the allegations in Paragraph 29.

30. Defendant denies the allegations in Paragraph 30.

31. Defendant admits that "Liam Negus‑Fancey reported that the founders had "underwritten" this wire." and that "StreetTeam UK's primary lender claims that all its subsidiaries guaranteed the debts of StreetTeam UK".  Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation that "Ellis reported that he had personally made payroll payments." and, on that basis, denies this allegation. Defendant denies all other allegations in Paragraph 31.

32. Defendant denies the allegations in Paragraph 32.

33. Defendant denies the allegations in Paragraph 33.

34. Defendant denies the allegations in Paragraph 34.

35. Defendant admits that "Callum Negus‑Fancey was at relevant times the CEO of parent company StreetTeam UK", that "Liam Negus‑Fancey was the CRO of StreetTeam UK at all relevant times" and that "Ellis was the President of parent company StreetTeam UK" and "Secretary of NTE at relevant times".  Defendant denies all other allegations in Paragraph 35.

36. Defendant denies the allegations in Paragraph 36.

37. Defendant denies the allegations in Paragraph 37.

38. Defendant denies the allegations in Paragraph 38.

39. Defendant denies the allegations in Paragraph 39.

40. Defendant denies the allegations in Paragraph 40.

### FACTS COMMON TO ALL CLAIMS

41. Defendant denies the allegations of Paragraph 41.

42. Defendant admits the allegations in Paragraph 42.

43. Defendant admits the allegations in Paragraph 43.

44. Defendant admits the allegations in Paragraph 44.

45. Defendant admits that the "company lost more than $150,000,000 between 2019 and 2021" but otherwise denies the allegations in Paragraph 45.

46. Defendant admits that "In 2021 into 2022, Pollen cancelled multiple events, sometimes days before they were set to start, and at least once, after guests had already arrived" but otherwise denies allegations in Paragraph 46.

47. Defendant denies allegations in Paragraph 47.

48. Defendant denies allegations in Paragraph 48.

49. Defendant admits that the "In April of 2022, Pollen announced publicly and internally that it had raised $150,000,000 in investor capital." but denies all other allegations in Paragraph 49.

50. Defendant admits that "On May 10, 2022, Pollen laid off 200 employees, representing approximately one third of its workforce." but is without information or knowledge sufficient to form a belief as to the truth of the other allegations of Paragraph 50 and, on that basis, denies all other allegations.

51. Defendant admits that the "In May 2022, Pollen charged customers $3.2 million early for upcoming events through its payment-processing software. The company claimed that this was "accidental," due to a software glitch." but denies all other allegations in Paragraph 51.

52. Defendant denies allegations in Paragraph 52.

53. Defendant admits that the "On May 19, 2022, Pollen hosted a companywide town hall meeting for employees" and that "Ms. Zegna had formally resigned her board position" but is without information or knowledge sufficient to form a belief as to the truth of the other allegations of Paragraph 53 and, on that basis, denies all other allegations.

54. Defendant admits that "all of Pollen's outside directors—many of them investor representatives—left the company ... between May and June 2022."  but is without information or knowledge sufficient to form a belief as to the truth of the other allegations of Paragraph 54 and, on that basis, denies all other allegations

55. Defendant admits that "Pollen engaged investment bank Goldman Sachs to locate a buyer for its entire operation." But denies all other allegations in Paragraph 55.

56. Defendant denies allegations in Paragraph 56.

57. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 57 and, on that basis, denies them.

58. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 58 of the Complaint.

59. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation that "When questioned about this missed payment and the company's financial stability, Pollen's co-founder and CEO, Callum Negus-Fancey, represented that the delay was due to Pollen "closing a transaction with a large, well-known entertainment company," and was "an isolated, one-off event." When questioned about whether Pollen would meet payroll going forward, he responded: "Yes, absolutely we can."" and, on that basis, denies these allegations. Defendant, Liam Negus-Fancey, denies the other allegations of Paragraph 59 of the Complaint.

60. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegation that "Mr. Negus-Fancey represented that missed payroll would "never happen again." Ms. Bedi also represented that all employee benefits were still being handled through TriNet and were unaffected by the short-term issues." and, on that basis, denies these allegations. Defendant, denies the other allegations of Paragraph 60 of the Complaint.

61. Defendant denies the allegations of Paragraph 61 of the Complaint.

62. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 62 of the Complaint.

63. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 63 of the Complaint.

64. Defendant denies the allegation that "Defendants also secretly cancelled employee benefits in June 2022."  Defendant is without information or knowledge sufficient to

form a belief as to the truth of the other allegations of Paragraph 64 and, on that basis, denies them.

65. Defendant admits the allegations of Paragraph 65 of the Complaint.

66. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 66 of the Complaint.

67. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 67 of the Complaint.

68. Defendant denies the allegations of Paragraph 68 of the Complaint.

69. Defendant denies the allegations of Paragraph 69 of the Complaint.

70. Defendant admits that "After the asserted shutdown of its operations in August 2022, Pollen has engaged in ongoing, active efforts to sell off its remaining U.S. business..." but denies all other allegations of Paragraph 70 of the Complaint.

71. Defendant denies the allegations of Paragraph 71 of the Complaint.

72. Defendant denies the allegations of Paragraph 72 of the Complaint.

73. Defendant admits that some "Defendants continue to engage in efforts to sell the remainder of their U.S. assets, intellectual property, and business lines" but denies all other allegations.

**CLASS AND COLLECTIVE ACTION ALLEGATIONS**

74. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 74 of the Complaint.

75. Defendant denies the allegations of Paragraph 75 of the Complaint.

76. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 76 of the Complaint.

77. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 77 and, on that basis, denies them.

78. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 78 and, on that basis, denies them.

79. Defendant denies the allegations of Paragraph 79 of the Complaint.

80. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 80 of the Complaint.

81. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 81 and, on that basis, denies them.

82. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 82 and, on that basis, denies them.

83. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 83 of the Complaint with respect to himself.

84. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 83 of the Complaint with respect to himself.

85. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 85 and, on that basis, denies them.

## FIRST CAUSE OF ACTION

### (Violation of the WARN Act)

86. Defendant reincorporates his response by reference to his responses set forth in the remainder of his answer.

87. Plaintiff merely states legal conclusions in Paragraph 87 with respect to WARN act qualification which require no response.  Defendant, Liam Negus-Fancey, denies the other allegations of Paragraph 87 of the Complaint.

88. Defendant, Liam Negus-Fancey, denies the other allegations of Paragraph 88 of the Complaint.

89. Defendant denies the allegations of Paragraph 89 of the Complaint.

90. Defendant denies the allegations of Paragraph 90 of the Complaint.

91. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 91 and, on that basis, denies them.

## SECOND CAUSE OF ACTION

### (Violation of the State Mini-WARN Acts)

92. Defendant reincorporates his response by reference to his responses set forth in the remainder of his answer.

93. Defendant denies the allegations of Paragraph 93 of the Complaint.

94. Defendant denies the allegations of Paragraph 94 of the Complaint.

95. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 95 of the Complaint.

96. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 96 of the Complaint.

97.  Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 97 and, on that basis, denies them.

### THIRD CAUSE OF ACTION

### (Failure to Pay All Wages)

98.  Defendant reincorporates his response by reference to his responses set forth in the remainder of his answer.

99.  Defendant denies the allegations of Paragraph 99.

100. Defendant, Liam Negus‑Fancey, denies the allegations of Paragraph 100 of the Complaint.

101. Plaintiffs merely state legal conclusions in Paragraph 101 which require no response and the provisions of the respective law speak for themselves.

102. Defendant, Liam Negus‑Fancey, denies the allegations of Paragraph 102 of the Complaint.

103. Defendant, Liam Negus‑Fancey, denies the allegations of Paragraph 103 of the Complaint.

104. Defendant, Liam Negus‑Fancey, denies the allegations of Paragraph 104 of the Complaint.

### FOURTH CAUSE OF ACTION

### (Failure to Reimburse)

105. Defendant reincorporates his response by reference to his responses set forth in the remainder of his answer

106. Defendant denies the allegations of Paragraph 106

107. Defendant, Liam Negus‑Fancey, denies the allegations of Paragraph 107 of the Complaint.

108. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 108 and, on that basis, denies them.

109. Defendant, Liam Negus‑Fancey, denies the allegations of Paragraph 109 of the Complaint.

110. Defendant, Liam Negus‑Fancey, denies the allegations of Paragraph 110 of the Complaint.

Case No.: 2:23-cv-2226-HDV

**FIFTH CAUSE OF ACTION**

**(Failure to Pay Wages At Termination)**

111. Defendant reincorporates his response by reference to his responses set forth in the remainder of his answer

112. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 112 of the Complaint.

113. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 113 of the Complaint.

114. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 114 of the Complaint.

115. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 115 of the Complaint.

116. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 116 of the Complaint.

**SIXTH CAUSE OF ACTION**

**(Violation of Fair Labor Standards Act)**

117. Defendant reincorporates his response by reference to his responses set forth in the remainder of his answer.

118. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 118 and, on that basis, denies them.

119. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 119 of the Complaint.

120. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 120 of the Complaint.

121. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 121 of the Complaint.

122. Plaintiffs merely state legal conclusions in Paragraph 122 which require no response and the provisions of the FLSA speak for themselves.

123. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 123 of the Complaint.

**SEVENTH CAUSE OF ACTION**

**(Unfair Business Practices)**

124. Defendant reincorporates his response by reference to his responses set forth in the remainder of his answer.

125. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 125 of the Complaint.

126. Plaintiffs merely state legal conclusions in Paragraph 126 which does not require an admission or denial.

127. Plaintiffs merely state legal conclusions in Paragraph 127 with respect to California Business & Professions Code § 17200, which does not require an admission or denial. Defendant, Liam Negus-Fancey, denies all other allegations of Paragraph 127 of the Complaint.

128. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 128 and, on that basis, denies them.

129. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 129 of the Complaint.

**EIGHTH CAUSE OF ACTION**

**(Breach of Employment Contract)**

130. Defendant reincorporates his response by reference to his responses set forth in the remainder of his answer.

131. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 131 of the Complaint.

132. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 132 and, on that basis, denies them.

133. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 133 of the Complaint.

134. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 134 of the Complaint.

**NINTH CAUSE OF ACTION**

**(Breach of Severance Contract)**

135. Defendant reincorporates his response by reference to his responses set forth in the remainder of his answer.

Case No.: 2:23-cv-2226-HDV

136. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 136 of the Complaint.

137. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 137 and, on that basis, denies them.

138. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 138 of the Complaint.

139. Defendant denies the allegations of Paragraph 139 of the Complaint.

140. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 140 and, on that basis, denies them.

141. Plaintiffs merely state legal conclusions in Paragraph 141 which does not require an admission or denial.

## TENTH CAUSE OF ACTION

### (Failure to Provide Accurate Itemized Wage Statements)

142. Defendant reincorporates his response by reference to his responses set forth in the remainder of his answer

143. Plaintiffs merely state legal conclusions in Paragraph 143 and the provisions of the California Labor Code § 226(a) speaks for itself.

144. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 144 of the Complaint.

145. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 145 and, on that basis, denies them.

## ELEVENTH CAUSE OF ACTION

### (Fraud)

146. Defendant reincorporates his response by reference to his responses set forth in the remainder of his answer.

147. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 147 of the Complaint.

148. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 148 of the Complaint.

149. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 149 of the Complaint.

150. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 150 of the Complaint.

151. Defendant denies the allegations of Paragraph 151 of the Complaint.

152. Defendant denies the allegations of Paragraph 152 of the Complaint.

153. Defendant denies the allegations of Paragraph 153 of the Complaint.

154. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 154 and, on that basis, denies them.

155. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 155 and, on that basis, denies them.

156. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 156 and, on that basis, denies them.

## TWELFTH CAUSE OF ACTION

### (Failure to Pay Wages Timely in Violation of NYLL § 191)

157. Defendant reincorporates his response by reference to his responses set forth in the remainder of his answer.

158. Plaintiffs merely state legal conclusions in Paragraph 158 and the provisions of the NYLL § 191 speaks for itself.

159. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 159 of the Complaint.

160. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 160 of the Complaint.

161. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 161 of the Complaint.

162. Defendant, Liam Negus-Fancey, denies the allegations of Paragraph 162 of the Complaint.

163. Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations of Paragraph 163 and, on that basis, denies them.

### DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant asserts the following separate and affirmative defenses to the complaint.

### FIRST AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that Plaintiff has failed to state a claim for which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that Defendant was not the employer of Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that Defendant owns less than 1% of the outstanding shares of the parent company StreetTeam UK, the 100% owner of NTE and StreetTeam LLC, so was not a significant owner of either of these Defendants.

### FOURTH AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that Defendant was not an officer or Director of NTE and StreetTeam.

### FIFTH AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that Defendant did not control the parent company StreetTeam UK or its board given the venture capital investor shareholders held the rights to vote the majority of shares and elect the majority of board members.

### SIXTH AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that Defendant has never been an employee of StreetTeam LLC or NTE.

### SEVENTH AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that Defendant did not enter into contracts personally, whether employment agreements of severance agreements with employees of StreetTeam LLC or NTE.

### EIGHTH AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that Defendant is and has not been under any obligation to pay wages, overtime, expenses, benefits, severance or termination pay of employees of StreetTeam LLC or NTE, in a timely manner or otherwise, nor did Defendant have any obligation to provide wage statements to them.

## NINTH AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that Plaintiffs failed to properly assert any fraudulent act or misrepresentation by Defendant.

## TENTH AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that Defendant worked with other senior management of StreetTeam UK to disclose to the public through statutory consolidated audit and other filings, and to the StreetTeam UK group employees, through internal reporting, the ongoing financial state of the group, including but not limited to the details of the group's capital raising, its profitability and its balance sheet. The same reports publicly and clearly disclose the structure of the group and its subsidiaries.

## TENTH AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that Defendant participated in the good faith efforts to sell the StreetTeam UK group and worked as part of the team along with advisors and potential acquirors on this project, several of whom engaged in due diligence with respect to the acquisition of the StreetTeam UK group through July 2022.

## ELEVENTH AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that neither Defendant Liam Negus-Fancey, nor Defendant Callum Negus-Fancey, nor Defendant James Ellis guaranteed the debts of the StreetTeam UK group.

## TWELFTH AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that the entities within the StreetTeam UK group, a list of which is publicly available on the UK government website, Companies House, including Defendants, StreetTeam LLC, NTE and NTE's 100% owned subsidiary, JusExperiences UK Ltd ("JEX"), maintained separate accounts, boards and employees and did not operate as a single business entity.

## THIRTEENTH AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that NTE and JEX were not in the same business as StreetTeam LLC and StreetTeam UK. NTE operated travel experiences for a North American customer base, JEX operated travel experiences for a European customer base, whereas StreetTeam UK and StreetTeam

LLC licensed software technology to other companies including, primarily, music festival clients. At no time has JEX operated or sold travel experiences for a North American customer base.

### FOURTEENTH AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that NTE and its wholly owned subsidiary, JEX, operated under the brand "Pollen Presents" and did not trade or do business as "Pollen".

### FIFTEENTH AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that the employees of NTE and StreetTeam LLC were hired independently from each other, through enforceable written employment contracts that clearly identified their respective employer and were subsequently paid wages and received benefits and wage statements from their documented employer.

### SIXTEENTH AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that staff members of NTE and StreetTeam LLC that were laid off on May 10th, 2022 were laid off more than 90 days before the August 10th, 2022 lay-offs.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that each company operated on a fully remote basis, as alleged in Paragraph 44 of the Plaintiffs' Complaint and admitted herein.  Neither NTE nor StreetTeam LLC maintained offices in Los Angeles or elsewhere, outside of temporary office spaces in 2022, which each entity rented, from time to time, for groups of fewer than 20 employees.  The employees of these respective companies worked remotely and did not meet the criteria of "mobile workers" for WARN purposes, *2020 WL 1159383 (see Piron v. Gen. Dynamics Info. Tech., Inc., (E.D. Va. Mar. 10, 2020))* and did not report into managers at physical site locations.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that NTE did not have more than 50 employees residing in any given state.

### NINETEENTH AFFIRMATIVE DEFENSE

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that both NTE and StreetTeam LLC entered an unforeseen insolvent state following the withdrawal of financial investment from their parent StreetTeam UK upon its

entering into administration, and immediately preceding their respective reductions in force on August 10th, 2022.

**TWENTIETH AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that Freemavens Limited, Lets Go Crazy Limited, Lets Go Crazy Holdings Limited, Lets Go Crazy Music Limited, YourVine Limited, The Physical Network Limited, Lets Go Group Limited, Beyond.Life Limited are not affiliated with StreetTeam UK or its subsidiaries.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that Plaintiffs have failed to demonstrate that any of the class definitions in Paragraph 74 of the Complaint have sufficient to merit for treatment as single classes with respect to i) Numerosity, ii) Typicality, iii) Adequacy, iv) Superiority, v) Common questions or vi) Manageability.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

As an affirmative defense to each and every allegation contained in the Complaint; Defendant alleges that Plaintiffs have failed to adequately demonstrate that the Collective Active Members, as defined in Paragraph 82 of the Complaint, are, indeed, similarly situated.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have further, as yet unstated affirmative defences available. Defendant's reserve the right to asset additional defenses in the event that discovery indicates that it would be appropriate.

Executed September 30, 2023 at London, England

_/s/ Liam Negus-Fancey_