Damion D. D. Robinson, SBN 262573
damion.robinson@diamondmccarthy.com
DIAMOND McCARTHY LLP
355 South Grand Avenue, Suite 2450
Los Angeles, California 90071
Tel. (310) 979-8700
Fax (310) 979-8701

*Attorneys for Plaintiffs Tayler Ulmer, Sergio Giancaspro, Cori Ershowsky, Alexis Geraci, Jamere Bowers, Adaku Ibekwe, and all others similarly situated*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| TAYLER ULMER; SERGIO GIANCASPRO; CORI ERSHOWSKY; ALEXIS GERACI; JAMERE BOWERS; and ADAKU IBEKWE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STREETTEAM SOFTWARE, LLC d/b/a POLLEN; NETWORK TRAVEL EXPERIENCES, INC; JUSEXPERIENCES UK LIMITED; CALLUM NEGUS-FANCEY; LIAM NEGUS-FANCEY; and JAMES ELLIS,<br><br>Defendants. | **Case No. 2:23-cv-2226-HDV (AGRx)**<br><br>**JOINT RULE 26(f) REPORT**<br><br>**<u>Scheduling Conference</u>**<br>Date: 03/14/2024<br>Time: 10:00 a.m.<br><br>Action Filed: 9/22/2022<br>Trial Date:    Not Set |

| | |
|---|---|
| 1 | GLOBAL GROWTH CAPITAL, S.À.R.L., a Luxembourg private company, |
| 2 | |
| 3 | Intervenor Plaintiff, |
| 4 | vs. |
| 5 | |
| 6 | TAYLER ULMER, SERGIO GIANCASPRO, CORI ERSHOWSKY, ALEXIS GERACI, JAMERE BOWERS, and ADAKU IBEKWE, individuals, on behalf of themselves and all similarly situated employees; NETWORK TRAVEL EXPERIENCES, INC., f/k/a JusTours Inc., a Delaware corporation; STREETTEAM SOFTWARE, LLC d/b/a POLLEN, a Delaware limited liability company; JUSEXPERIENCES UK LIMITED, a United Kingdom private limited company; CALLUM NEGUS-FANCEY, an individual; LIAM NEGUS-FANCEY, an individual; and JAMES ELLIS, an individual, |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | Intervenor Defendants. |

- 1 -

Plaintiffs Tayler Ulmer, Sergio Giancaspro, Cori Ershowsky, Alexis Geraci, Jamere Bowers, and Adaku Ibekwe (collectively, "Plaintiffs"), Defendants Callum Negus-Fancey, Liam Negus-Fancey, and James Ellis (collectively, "Individual Defendants"; collectively with the Entity Defendants, "Defendants"), and Intervenor Plaintiff Global Growth Capital, S.à.r.l. ("Intervenor Plaintiff") respectfully submit this Joint Rule 26(f) Report pursuant to Fed. R. Civ. P. 26(f), Local Rule 26, and Part B of the Court's Order Setting Scheduling Conference.

Counsel for Plaintiffs and Intervenor Plaintiff, and Individual Defendants in *pro per*, met and conferred on February 19, 2024 concerning the matters herein.[1]

### 1. Statement of the Case

This is a putative class and collective action for unpaid wages, violation of the Worker Adjustment and Retaining Notification Act of 1988, 29 U.S.C. § 2101, *et seq.* (the "WARN Act") and state-law equivalents, and violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). Plaintiffs allege that the Entity Defendants failed to pay workers for several weeks before abruptly shutting down and laying off substantially all employees without prior notice.

Plaintiffs further allege that the Individual Defendants are responsible officers or controlling persons of the Entity Defendants and are, thus, liable for the unpaid wages. They also contend that the Individual Defendants engaged in fraud in inducing workers to continue working without pay. The Individual Defendants deny these allegations.

Intervenor Plaintiff alleges that it is a secured creditor of the Entity Defendants with a perfected senior lien on all assets of the Entity Defendants, and, through its Complaint in Intervention (the "Complaint in Intervention") [ECF No. 69] asserts a claim for declaratory relief in relation thereto. Plaintiffs contend that they may have a lien for unpaid wages that has priority over Intervenor Plaintiff's liens under state law.

---

[1] The business entity defendants, Streetteam Software, LLC, Network Travel Experiences, Inc., and JusExperiences UK Limited (collectively, "Entity Defendants") remain in default.

- 2 -

## 2. Subject Matter Jurisdiction

The Court has federal question jurisdiction because Plaintiffs' claims pursuant to the FLSA and the WARN Act arise under federal law. *See* U.S. Const., Art. III, § 2; 28 U.S.C. § 1331. The Court has supplemental jurisdiction over Plaintiffs' state-law claims, and Intervenor Plaintiff's claim for declaratory relief pursuant to 28 U.S.C. § 1367.

The Court also has jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), because (a) there is "minimal diversity" between Plaintiffs and the Individual Defendants, who are residents of the United Kingdom; and (b) the amount in controversy in this matter exceeds $5,000,000.

## 3. Legal Issues

### a. Plaintiffs' Affirmative Claims

The primary legal issue is whether the Individual Defendants are liable for the default Entity Defendants' failure to pay wages and/or violation of the WARN Act, under state law, the FLSA, and/or equitable doctrines, such as veil piercing and alter ego. Plaintiffs believe that the facts and legal issues underlying the substantive claims, such as the failure to page wages and failure to issue WARN Act notices, will not be seriously contested, and that the primary merits issues involve identifying the number of affected employees and calculating damages.

### b. Intervenor Plaintiff's Claims

The primary legal issue in connection with Intervenor Plaintiff's Complaint in Intervention is whether its perfected security interests in all of the assets of the Entity Defendants have priority over the Plaintiffs' alleged legal rights and interests in the Entity Defendants' assets. Intervenor Plaintiff contends that they do. Plaintiffs contend that they do not under applicable state law.

## 4. Parties, Evidence, etc.

### a. Parties

The parties are:

<u>Plaintiffs:</u>

Tayler Ulmer

Sergio Giancaspro

Cori Ershowsky,

Alexis Geraci

Jamere Bowers

Adaku Ibekwe

<u>Entity Defendants:</u>

Streetteam Software, LLC,

Network Travel Experiences, Inc.

JusExperiences UK Limited

<u>Affiliated Entities as agreed upon by all parties:</u>

StreetTeam Software Limited (Parent Company)

JusExperiences UK Limited (2019) d/b/a "Trippr," formerly Justours UK

Justours, Inc.

2504030 Ontario Inc.

The Physical Network LLC

JusCollege Mexico

2504031 Delaware Inc.

Freelivin Entertainment, Inc.

Ibiza International Music Summit SL

<u>Affiliated Entities as alleged by Plaintiff:</u>

Lets Go Crazy Limited

Lets Go Crazy Holdings Limited

Lets Go Crazy Music Limited

- 4 -

Lets Go Music Limited

Lets Go Group Limited

Portland Supplies Limited

YourVine Limited

Freemavens Limited

The Physical Network Limited

Lets Go Group Limited

Beyond.Life Ltd

<u>Individual Defendants</u>

Callum Negus-Fancey

Liam Negus-Fancey

James Ellis

<u>Intervenor Plaintiff</u>

Global Growth Capital, S.à.r.l.

**b.    Witnesses**

To date, in addition to the named parties, Plaintiffs have identified the following primary percipient witnesses:

Sam Thacker (former Chief of Staff, Commercial)

Collin Duwe (former employee)

Leila Rastegar Zegna (former Director)

Anne Bedi (former Chief People Officer)

Marc Kallick (former Chief Financial Officer)

Representatives of Kroll (Administrator of Parent Company)

In addition, Plaintiffs anticipate presenting testimony of a reasonable sampling of former employees.

Intervenor Plaintiff has identified the following witnesses relevant to its claim for declaratory relief set forth in its Complaint in Intervention:

Harsh Patel (Intervenor Plaintiff founder and partner)

James Ellis

### c. Evidence

Plaintiffs believe that the primary documentary evidence on the merits will be employee and payroll records, employment contracts, and severance agreements. In addition, Plaintiffs intend to present a series of emails and other communications with employees leading up to the Entity Defendants' closure concerning the companies' finances and employee pay and benefits, as well as public statements from company leadership.

Regarding Plaintiffs' claims for individual liability, Plaintiffs intend to present corporate records of the Entity Defendants, financial records, account statements, and evidence of expense reimbursements, which Plaintiffs contend were inappropriate. Individual Defendants will present evidence from Companies House (i.e. the United Kingdom government's executive agency overseeing corporate entities) which displays the lack of control between the individuals and the alleged entity defendants.

Regarding Intervenor Plaintiff's claim for declaratory relief, the primary documentary evidence on the merits consists of the exhibits attached to its Complaint in Intervention—namely, the operative loan documents and evidence of perfection of Intervenor Plaintiff's liens.

### 5. Damages

Plaintiffs estimate that unpaid wages and benefits class-wide are approximately $6,000,000, reflecting three payroll periods. In addition, Plaintiffs seek WARN Act damages of approximately $8,000,000, reflecting 60 days of wages. Plaintiffs also seek liquidated damages under the FLSA and state law, punitive damages, interests, fees, and costs.

Intervenor Plaintiff is not seeking money damages. Rather, it is seeking a declaratory judgment that its prior perfected liens take priority over any alleged liens Plaintiffs may have as a result of the above-described claims and allegations.

**6. Insurance**

The parties are unaware of any insurance that might provide coverage.

**7. Motions**

    **a. Procedural Motions.**

Plaintiffs may seek leave to amend if additional affiliated entities are uncovered during the discovery process.

    **b. Dispositive Motions.**

The Individual Defendants intend to file a Motion to Dismiss and/or Motion for Summary Judgment as to their personal liability regarding the actions of the entity defendants.

Intervenor Plaintiff intends to file a motion for summary judgment on its Complaint in Intervention.

    **c. Class Certification Motion.**

Although Plaintiffs anticipate being able to move for class certification within 120 days of the scheduling conference, this is dependent to some extent on the availability of employee and payroll data from Defendants. Plaintiffs understand that the Entity Defendants have been closed for some time and the Individual Defendants have asserted that the Entity Defendants' records may be in the possession of the Administrator of the Entity Defendants' parent company in the United Kingdom.

In an abundance of caution, the parties submit the attached Class Certification Plan providing for 210 days to move for class certification given the potential need to obtain evidence abroad.

**8. Discovery**

    **a. Status of Discovery**

Plaintiffs have served an initial round of written discovery on the Individual

Defendants.

The parties do not believe that any formal discovery will be necessary with respect to Intervenor Plaintiff's Complaint in Intervention. Intervenor Plaintiff has agreed to provide documentation supplemental to the exhibits attached to its Complaint in Intervention, on an informal basis, as reasonably necessary and requested, and reserves the right to assert objections to any such requests under applicable Rules of Civil Procedure.

**b.    Discovery Plan**

i.    <u>Initial Disclosures</u>

The parties have agreed to exchange Initial Disclosures prior to the Scheduling Conference.

ii.    <u>Subjects of Discovery</u>

Plaintiffs presently intend to take discovery on the following subjects:

- Defendants' employment and payroll records, reflecting the number of employees, their location, wages, and benefits.
- The Entity Defendants' corporate structure and the identities of Defendants officers, directors, and managing agents;
- The Entity Defendants' financial condition and financial transactions, including the use and potential commingling or misuse of company funds;
- The Individual Defendant's knowledge of the Entity Defendants' financial condition and representations regarding the same;
- The Entity Defendants' discontinuance of payroll and benefits in or about August 2022;
- The Entity Defendants' series of layoffs in 2022 as well as severance agreements entered in connection with those layoffs;
- The sale of certain assets of the Entity Defendants in or about August of 2022 and efforts to sell the Entity Defendants leading up to August of 2022.

- The Entity Defendants' series of layoffs in 2023

### iii. Phased Discovery

The parties do not believe that phased discovery is necessary.

### iv. Changes to FRCP Limits

The parties believe that the total number of depositions should be a maximum of 25 per side, and that the discovery limits provided by the Federal Rules are otherwise sufficient. However, depending on the results of the initial depositions of Plaintiffs, and the determination of a motion for class certification, Individual Defendants believe that there may be a possibility that additional depositions of class members will be necessary prior to trial.

### v. Other Matters

There may be a need to take discovery abroad, primarily in the United Kingdom, due to the Entity Defendants' parent company being located in London.

## 9. Settlement Conference / Alternative Dispute Resolution (ADR)

The parties are amenable to private mediation and/or a settlement conference.

## 10. Trial

### a. Trial Estimate

As discussed below, the parties believe that trial should be phased with the first phase of trial focused the individual liability of the Individual Defendants. If the Individual Defendants are found liable, an additional trial phase would be needed for punitive damages.

Plaintiffs and Intervenor Plaintiff may need a short bench trial on lien-priority issues in the event Intervenor Plaintiff is not successful on summary judgment.

### b. Jury or Court Trial

Plaintiffs request a Jury trial as to the Individual Defendants' liability and punitive damages. The Individual Defendants request a Bench trial as to all aspects of this case.

Bench trial as to lien priority claims.

      **c.**    **Consent to Trial Before Magistrate**

      **d.**    **Lead Trial Counsel**

          i.    **Plaintiffs**

Plaintiffs respectfully request that the following attorneys be designated as co-lead trial counsel. Plaintiffs believe that a co-lead designation is appropriate as two independent firms represent Plaintiffs and the putative class:

Valdi Licul, Wigdor LLP

Damion Robinson, Robinson Markevitch LLP

          **ii.**    **Defendants**

The Individual Defendants are currently representing themselves in *pro per*.

          **iii.**    **Intervenor Plaintiff**

Intervenor Plaintiff is represented by Foley & Lardner, LLP, with Emil P. Khatchatourian as lead counsel.

**11.**    **Independent Expert or Master**

The parties believe that a special master may be appropriate to calculate unpaid wages and benefits, statutory damages, and penalties. Given the number of employees involved, calculating lost wages and similar components of damages may require significant time.

**12.**    **Other Issues**

      **a.**    **Staged Proceedings**

The parties believe that it would be appropriate to stage the proceedings in phases given that the core issues in dispute relate to the Individual Defendants' personal liability. While Intervenor Plaintiff supports this approach as to the primary action, Intervenor Plaintiff has a strong preference for summary judgment proceedings on its Complaint in Intervention to proceed in parallel and is opposed to addressing the lien-priority issues only after the underlying alleged claims and liabilities are resolved.

In the first phase, Plaintiffs would seek to prove up the underlying wage violations and WARN Act violations as well as damages. Plaintiffs believe that this

can be accomplished without the need for a full trial given that the basic facts – *i.e.*, the dates the Entity Defendants' ceased paying wages and providing benefits, the dates of layoffs, and the absence of WARN Act notices, do not appear to be disputed.

In the second phase, Plaintiffs would try issues relating to the Individual Defendants' liability, including their liability for wage and WARN Act violations committed by the entities, and independent liability on Plaintiffs' claim for fraud. In the second phase, to the extent the Individual Defendants are found liable, the parties would have to try issues relating to punitive damages.

Plaintiffs and Intervenor Plaintiff believe that the lien-priority issues may be resolved as a matter of law or, if not, in a short bench trial.

### b. Discovery in Foreign Jurisdictions

The parties anticipate that some discovery will be needed in the United Kingdom given that the Individual Defendants are residents of the United Kingdom and the Entity Defendants' parent company was headquartered there.

Dated: February 29, 2024         Respectfully submitted,

s/ Damion Robinson
Damion D. D. Robinson
DIAMOND McCARTHY LLP

*Attorneys for Plaintiffs Tayler Ulmer, Sergio Giancaspro, Cori Ershowsky, Alexis Geraci, Jamere Bowers, and Adaku Ibekwe and all others similarly situated*

# EXHIBIT "A"

## CLASS CERTIFICATION PLAN

The parties propose the following Class Certification Plan, considering likely discovery issues arising the Entity Defendants' closure and the potential need to take discovery from the Entity Defendants' parent company and/or its administrator.

**Written Discovery Among Parties (0-90 days)**: The parties will complete written discovery between them in the next 60 to 90 days. During this time, the Individual Defendants will endeavor to obtain available information relating to the Entity Defendants' operations, including employee records, payroll records, and benefits records, as well as pertinent communications.

**Third-Party Discovery (60-180 Days)**: To the extent Plaintiffs are unable to gather sufficient evidence from the Individual Defendants to move for certification, Plaintiffs will seek discovery from Defendants' parent company as well as other third-parties, such as payroll processors and benefits administrators.

**Deposition Discovery (120-210 Days)**: Plaintiffs will take any necessary depositions to move for class certification. Plaintiffs anticipate taking depositions of the Individual Defendants and potentially 30(b)(6) or equivalent depositions of the Entity Defendants and affiliates. To the extent necessary, Defendants will take depositions of the named Plaintiffs.

**Motion for Class Certification**: To be filed 210 days from the Scheduling Conference. The parties propose 30 days from filing of the Motion to oppose, and two weeks from the Opposition to reply.

### # # #

**JUDGE HERNÁN D. VERA**
**SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET**
*Please complete this worksheet jointly and file it with your Joint Rule 26(f) Report.*
*The Court **ORDERS** the parties to make every effort to agree on dates.*

*Note:* Hearings shall be on Thursdays at 10:00 a.m.
Other dates can be any day of the week.

| Case No. 2:23-cv-2226 | | Case Name: Ulmer, et al. v. StreetTeam Software, LLC, et al. | | |
|---|---|---|---|---|
| **Trial and Final Pretrial Conference Dates** | **Timing** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Plaintiffs request a Jury Trial<br>Individual Defendants request a Court Trial<br>**(*Tuesday* at 9:00 a.m.)**<br>Estimated Duration: _____ Days | Within 18 months after Complaint filed | 09/08/2025 | 09/08/2025 | [X] Jury Trial<br>[ ] Court Trial<br><u>15</u> Days |
| Final Pretrial Conference ("FPTC") [L.R. 16]<br>(***Tuesday*** at 10:00 a.m.) | 21 days before trial | 08/18/2025 | 08/18/2025 | |
| Hearing on Motions In Limine | 28 days before trial | 08/11/2025 | 08/11/2025 | |
| **Event** | **Weeks After Scheduling Conference** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Last Date to ***Hear*** Motion to Amend Pleadings /Add Parties | 12 | 06/06/2024 | 06/06/2024 | |
| **Event[1]** | **Weeks Before FPTC** | **Pl(s)' Date mm/dd/yyyy** | **Def(s)' Date mm/dd/yyyy** | **Court Order mm/dd/yyyy** |
| Fact Discovery Cut-Off **(no later than deadline for *filing* dispositive motion)** | 22 | 03/17/2025 | 03/17/2025 | |
| Expert Disclosure (Initial) | 21 | 03/24/2025 | 03/24/2025 | |
| Expert Disclosure (Rebuttal) | 19 | 04/07/2025 | 04/07/2025 | |
| Expert Discovery Cut-Off | 17[2] | 04/21/2025 | 04/21/2025 | |
| Last Date to ***Hear*** Motions | 11 | 06/02/2025 | 06/02/2025 | |
| Deadline to Complete Settlement Conference [L.R. 16-15]<br><u>Select</u> one: [X] 1. Magistrate Judge *(with Court approval)*<br>    [ ] 2. Court's Mediation Panel | 6 | 07/07/2025 | 07/07/2025 | [ ] 1. Mag. J.<br>[ ] 2. Panel<br>[ ] 3. Private |

- 13 -

JOINT RULE 26(f) REPORT
2:23-CV-2226

| Event | Weeks Before FPTC | Pl(s)' Date mm/dd/yyyy | Def(s)' Date mm/dd/yyyy | Court Order mm/dd/yyyy |
|---|---|---|---|---|
| **Trial Filings (first round)**<br>• Motions In Limine<br>• Memoranda of Contentions of Fact and Law [L.R. 16-4]<br>• Witness Lists [L.R. 16-5]<br>• Joint Exhibit List [L.R. 16-6.1]<br>• Joint Status Report Regarding Settlement<br>• Proposed Findings of Fact and Conclusions of Law [L.R. 52] *(court trial only)*<br>• Declarations containing Direct Testimony, if ordered *(court trial only)* | 4 | 07/21/2025 | 07/21/2025 | |
| **Trial Filings (second round)**<br>• Oppositions to Motions In Limine<br>• Joint Proposed Final Pretrial Conference Order [L.R. 16-7]<br>• Joint/Agreed Proposed Jury Instructions *(jury trial only)*<br>• Disputed Proposed Jury Instructions *(jury trial only)*<br>• Joint Proposed Verdict Forms *(jury trial only)*<br>• Joint Proposed Statement of the Case *(jury trial only)*<br>• Proposed Additional Voir Dire Questions, if any *(jury trial only)*<br>• Evidentiary Objections to Decls. of Direct Testimony *(court trial only)* | 2 | 08/04/2025 | 08/04/2025 | |

# CERTIFICATE OF SERVICE

On November 22, 2023, I served a copy of the foregoing document entitled:

**NOTICE OF LODGING OF PROPOSED ORDER DENYING MOTIONS TO SET ASIDE DEFAULT OF DEFENDANTS CALLUM NEGUS-FANCEY, LIAM NEGUS-FANCEY, AND JAMES ELLIS**

on the interest parties in this action as follows:

I filed the document using the Court's CM/ECF online filing system and am informed and believe that filing through CM/ECF will result in electronic notice to all registered CM/ECF users.

Additionally, I served the following parties via email to their email addresses of record in this action as follows:

Defendant James Ellis: james.andrew.ellis@gmail.com

Defendant Liam Negus-Fancey: liamnf1993@gmail.com

Defendant Callum Negus-Fancey: Callumnf2@gmail.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 29th day of February at Los Angeles, California.

Damion Robinson