ALEXANDER M. CHEMERS, CA Bar No. 263726
zander.chemers@ogletree.com
MIRI SONG, CA Bar No. 291140
miri.song@ogletree.com
JULIANA C. VALLIER, CA Bar No. 345339
juliana.vallier@ogletree.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA  90071
Telephone:  213-239-9800
Facsimile:   213-239-9045

Attorneys for Defendants
CALLUM NEGUS-FANCEY, LIAM NEGUS-
FANCEY and JAMES ELLIS

*[Additional attorneys on following page]*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLER ULMER, SERGIO GIANCASPRO, CORI ERSHOWSKY, ALEXIS GERACI, JAMERE BOWERS, and ADAKU IBEKWE on behalf of themselves and all similarly situated employees,<br><br>Plaintiffs,<br><br>v.<br><br>STREETTEAM SOFTWARE, LLC d/b/a POLLEN, NETWORK TRAVEL EXPERIENCES, INC., JUSEXPERIENCES UK LIMITED, CALLUM NEGUS-FANCEY, LIAM NEGUS-FANCEY, and JAMES ELLIS,<br><br>Defendants. | Case No. 2:23-cv-02226-HDV (AGRx)<br><br>**JOINT DISPUTED JURY INSTRUCTIONS**<br><br>Complaint Filed: March 27, 2023<br>Trial Date:        None<br>District Judge:   Hon. Hernan D. Vera<br>                       Courtroom 5B, First St.<br>Magistrate Judge: Hon. Alicia G. Rosenberg<br>                       Courtroom 550, Roybal |

Damion D. D. Robinson (Cal. Bar. No. 262573)
dr@robinsonmarkevitch.com
Kevin R. Allen (Cal. Bar No. 237994)
ka@robinsonmarkevitch.com
ROBINSON MARKEVITCH & PARKER LLP
8430 Santa Monica Blvd., Suite 200
West Hollywood, CA 90069
(213) 757-7778

Attorneys for Plaintiffs
Tayler Ulmer, Sergio Giancaspro,
Cori Ershowsky, Alexis Geraci,
Jamere Bowers, Adaku Ibekwe, and
all others similarly situated

Case No. 2:23-cv-02226-HDV (AGRx)

JOINT DISPUTED JURY INSTRUCTIONS

Pursuant to the Court's Civil Trial Order (Dkt. No. 97), the parties are submitting their Proposed Joint Jury Instructions. After considerable meet-and-confer efforts, however, the parties were unable to entirely eliminate all areas of dispute. Accordingly, the parties jointly submit the following seven instructions—including, if applicable, each side's suggested version, along with a succinct explanation for why the proposed instruction should be used or not used.

The specific instructions under dispute are:

| NO. | TITLE | PLAINTIFFS' POSITION | INDIVIDUAL DEFENDANTS' POSITION |
|---|---|---|---|
| 39. | **Intentional Misrepresentation (Fraud)** | Proposed instruction provided. | Proposed instruction provided. |
| 40. | **Reliance (Actual)** | Proposed instruction provided. | Proposed instruction provided. |
| 43. | **Special Instruction: Individual Liability, Prior Rulings Under FLSA** | Proposed instruction provided. | Proposed instruction provided. |
| 45. | **Special Instruction: Individual Liability - WARN ACT** | Proposed instruction provided. | Disputed that this instruction is necessary or appropriate. |
| 59. | **Alter Ego/Veil Piercing** | Proposed instruction provided. | Disputed that this instruction is necessary or appropriate. |
| 60. | **Special Instruction: Causation** | Disputed that this instruction is necessary or appropriate. | Proposed instruction provided. |

JOINT DISPUTED JURY INSTRUCTIONS

| NO. | TITLE | PLAINTIFFS' POSITION | INDIVIDUAL DEFENDANTS' POSITION |
|---|---|---|---|
| 61. | **Special Instruction: Statements Of Fact (Fraud)** | Disputed that this instruction is necessary or appropriate. | Proposed instruction provided. |

JOINT DISPUTED JURY INSTRUCTIONS

**<u>PLAINTIFFS' Proposed Joint Jury Instruction No. 39</u>**
**Intentional Misrepresentation (Fraud)**

Plaintiffs claim that the Corporate Defendants and/or the Individual Defendants made false representation that harmed them and other members of the certified classes. To establish this claim, Plaintiffs must prove all of the following:

1. That the Corporate Defendants and/or one or more of the Individual Defendants represented to Plaintiffs and Class Members that one or more facts was true;

2. That the representation(s) was false;

3. That the Corporate Defendants and/or Individual Defendant(s) knew that the representation or representations were false when they made them, or that they made the representation or representations recklessly and without regard for their truth;

4. That the defendants responsible for the representation intended that Plaintiffs and Class Members rely on the representation or representations;

5. That Plaintiffs and Class Members reasonably relied on the representation or representations;

6. That Plaintiffs and Class Members were harmed; and

7. That Plaintiffs' and Class Members' reliance on the Corporate Defendants' and/or Individual Defendant(s)' representation or representations was a substantial factor in causing their harm**.**

**Source(s):** CACI No. 1900

**Rationale:** The Parties dispute whether a class has been certified as to the Fraud count.  While Defendants argue that a class was never certified as to the fraud claim, that is incorrect. Plaintiffs moved for certification as to their fraud claim.  Dkt. No. 120 at 17.  The Court acknowledged that Plaintiffs brought a count of fraud in certifying the class.  Dkt. No. 154 at 4.

Furthermore, classes were certified in this matter on February 19, 2024.  Dkt. No. 154.  The Individual Defendants moved to certify an interlocutory appeal as to

this court's class certification decision.  <u>See</u> Dkt. No. 169.  The Parties have held multiple meet and confers ahead of the pretrial filing deadlines.  Nonetheless, defense counsel took the position that a class had not been certified as to the fraud claim in the evening of April 20, 2026, the date this pretrial filing was due.  This supposed issue even went unmentioned in Defendants' Memorandum of Contentions of Fact and Law.  Dkt. No. 319. Defendants have had ample opportunity to bring this supposed deficiency to the Court's attention—over two years of litigation—and have failed to do so.  Plaintiffs' ability to conduct their case would be prejudiced if their dilatory attempt to raise this defense were accepted by the Court. It must be disregarded.

Case No. 2:23-cv-02226-HDV (AGRx)

JOINT DISPUTED JURY INSTRUCTIONS

### INDIVIDUAL DEFENDANTS' Proposed Joint Jury Instruction No. 39
### Intentional Misrepresentation (Fraud)

Plaintiffs claim that the Corporate Defendants and/or the Individual Defendants made false representation that harmed them ~~and other members of the certified classes~~. To establish this claim, Plaintiffs must prove all of the following:

1. That the Corporate Defendants and/or one or more of the Individual Defendants represented to Plaintiffs ~~and Class Members~~ that one or more facts was true;

2. That the representation(s) was false;

3. That the Corporate Defendants and/or Individual Defendant(s) knew that the representation or representations were false when they made them, or that they made the representation or representations recklessly and without regard for their truth;

4. That the defendants responsible for the representation intended that Plaintiffs ~~and Class Members~~ rely on the representation or representations;

5. That Plaintiffs ~~and Class Members~~ reasonably relied on the representation or representations;

6. That Plaintiffs ~~and Class Members~~ were harmed; and

7. That Plaintiffs' ~~and Class Members'~~ reliance on the Corporate Defendants' and/or Individual Defendant(s)' representation or representations was a substantial factor in causing their harm.

**Source(s):** CACI No. 1900

**Rationale:** The only disagreement is whether this jury instruction for the fraud claim should reference "Class Members" or instead only reference the Plaintiffs. As shown above, the Individual Defendants submit that all references must be limited to the Plaintiffs. While the Court did certify a Wage Class and Layoff Class, it did not certify a class or make any findings as to whether Plaintiffs' fraud claim was susceptible to class treatment. *See* Dkt. No. 154. There are reasons why certification would not be granted as to the fraud claim, including the greater need

for individualized inquiries as to whether a given member of the proposed class heard the claimed misrepresentation and whether each person relied on the misrepresentation to their detriment.  Consequently, Plaintiffs are not entitled to a jury instruction for fraud that references "Class Members" since there is no class, nor can there be one, for this claim.

JOINT DISPUTED JURY INSTRUCTIONS

**<u>PLAINTIFFS' Proposed Jury Instruction No. 40</u>**
**Reliance (Actual)**

Plaintiffs and Class Members relied on the Corporate Defendants' misrepresentation if:

1. The misrepresentation or misrepresentations substantially influenced them to continue working for the Corporate Defendants; and

2. They would probably not have continued to work for the Corporate Defendants without the misrepresentation or misrepresentations.

It is not necessary for the misrepresentation or misrepresentations to be the only reason for Plaintiffs' conduct.

If you find that the misrepresentation or misrepresentations were material, you may presume that Plaintiffs and Class Members relied on them.

**Source(s):** CACI 1907; *Vasquez v. Superior Court*, 4 Cal.3d 800, 804-805 (1971) (discussing presumption of reliance, noting "if the trial court finds material misrepresentations were made to class members, at least an inference of reliance would arise as to the entire class"); *Engalla v. Permanente Medical Group*, 15 Cal. 4th 951, 976-77 (1997); *Risinger v. SOC LLC*, 708 F. App'x 304 (9th Cir. 2017) (recognizing "presumption of reliance on a material misrepresentation").

**Rationale:** The Parties' dispute as to Proposed Jury Instruction No. 40 is whether the last sentence is acceptable. It is clear from 9th Circuit caselaw that a presumption of reliance arises upon a finding that a misrepresentation was material. <u>Vasquez v. Superior Court</u>, 4 Cal.3d 800, 804-805 (1971) (discussing presumption of reliance, noting "if the trial court finds material misrepresentations were made to class members, at least an inference of reliance would arise as to the entire class"); <u>Engalla v. Permanente Medical Group</u>, 15 Cal. 4th 951, 976-77 (1997); <u>Risinger v. SOC LLC</u>, 708 F. App'x 304 (9th Cir. 2017) (recognizing "presumption of reliance on a material misrepresentation").

While Defendants argue that a class was never certified as to the fraud claim, that is incorrect. Plaintiffs moved for certification as to their fraud claim. Dkt. No. 120 at 17. The Court acknowledged that Plaintiffs brought a count of fraud in certifying the class. Dkt. No. 154 at 4. "All employees were exposed to the same" representations by Anne Bedi that Pollen was close to acquisition. *Risinger v. SOC LLC*, 708 F. App'x 304 (9th Cir. 2017). A presumption of reliance is correct in this

case. To the extent that the Court takes this issue under advisement on its merits, see Plaintiffs' Rationale as to Instruction No. 39.

JOINT DISPUTED JURY INSTRUCTIONS

## **INDIVIDUAL DEFENDANTS' Proposed Jury Instruction No. 40**
### Reliance (Actual)

Plaintiffs and Class Members relied on a misrepresentation made by the Corporate Defendants and/or one or more Individual Defendants if:

1. The misrepresentation or misrepresentations substantially influenced them to continue working for the Corporate Defendants; and

2. They would probably not have continued to work for the Corporate Defendants without the misrepresentation or misrepresentations.

It is not necessary for a single misrepresentation to be the only reason for Plaintiffs' conduct.

~~If you find that the misrepresentation or misrepresentations were material, you may presume that Plaintiffs and Class Members relied on them.~~

**Source(s):** CACI 1907; *Vasquez v. Superior Court*, 4 Cal.3d 800, 804-805 (1971) (discussing presumption of reliance, noting "if the trial court finds material misrepresentations were made to class members, at least an inference of reliance would arise as to the entire class"); *Engalla v. Permanente Medical Group*, 15 Cal. 4th 951, 976-77 (1997); *Risinger v. SOC LLC*, 708 F. App'x 304 (9th Cir. 2017) (recognizing "presumption of reliance on a material misrepresentation").

**Rationale:** The Individual Defendants dispute the final sentence of the jury instruction, language which is <u>not</u> found in the Model Jury Instruction (CACI 1907) and which would seek to impose an improper presumption not grounded in the law when **<u>no</u>** class has been certified as to the fraud claim.

As an initial matter, Plaintiffs have not yet established any misrepresentation by any of the Individual Defendants, *i.e.*, the prior summary judgment order did not address the fraud claim.  Nor has the Court certified a class as to the fraud claim. To the extent that Plaintiffs claim at trial that any of the Individual Defendants made a misrepresentation, any such statement(s) would—by definition—only apply to one of the three Individual Defendants, who cannot be lumped together.  Likewise, to the extent that any of the three Individual Defendants is accused of making a misrepresentation—including via a text message, statement at a town hall, or any other communication—Plaintiffs will need to prove which of Plaintiffs and/or other employees of the Corporate Defendants heard that misrepresentation <u>and</u> then relied on it to their detriment.  There is no basis to "presume" that hundreds of employees

would have relied on any alleged misrepresentations, particularly when no class has been certified as to the fraud claim.

JOINT DISPUTED JURY INSTRUCTIONS

## PLAINTIFFS' Proposed Jury Instruction No. 43
### Special Instruction: Individual Liability, Prior Rulings Under FLSA

Any person acting directly or indirectly in the interest of an employer in relation to an employee is liable under the Fair Labor Standards Act. A person may be personally liable under the Fair Labor Standards Act if they have substantial operational control over the business.

You must decide whether Class Plaintiffs have proven by a preponderance of the evidence that the Individual Defendants exercised control over the nature and structure of the employment relationship, or economic control over the relationship.

Individual liability is defined broadly to protect employees. You must consider "the total employment situation and the economic realities of the work relationship." You may consider whether the Individual Defendants: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. You may also consider whether the Individual Defendants had financial control over the companies and whether they made the decision to continue operating despite their inability to pay. Your decision must be based "upon the circumstances of the whole activity."

**Source(s):** 29 U.S.C. § 203(d); *Lambert v. Ackerley*, 180 F.3d 997, 1001-02, 1012 (9th Cir.1999); Bonnette v. California Health & Welfare Agency, 704 F.2d 1465, 1470 (9th Cir.1983); *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309-10 (11th Cir. 2013); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984); *Dole v. Simpson*, 784 F. Supp. 538, 545-46 (S.D. Ind. 1991)

**Rationale:**  It is clear from the FLSA's caselaw that a jury is not limited to the consideration of a four-part test to determine if an individual can be held liable under that statutory scheme. Instead, the inquiry is a holistic one, asking whether an individual "exercise[d] control over the nature and structure of the employment relationship[ and] economic control over the relationship" such that they were "employer[s] within the meaning of the Act."  Lambert v. Ackerley, 180 F.3d 997, 1012 (9th Cir. 1999) (internal quotations and citations omitted).  This definition is given an "expansive interpretation in order to effectuate the FLSA's broad remedial

purposes." <u>Bonnette v. California Health & Welfare Agency</u>, 704 F.2d 1465, 1469 (9th Cir. 1983). "[T]his is not a mechanical determination." <u>Id.</u> at 1470. Courts look into corporate ownership, control over the purse strings of the business, and engagement in the day-to-day goings on of the company. <u>See</u> <u>Lambert</u>, 180 F. 3d at 1012; <u>Bonnette</u>, 704 F.2d at 1470 (control over the "purse strings" important to finding of individual liability under the FLSA); <u>Boucher v. Shaw</u>, 572 F.3d 1087, 1091 (9th Cir. 2009) (considering "operational control" and evaluating ownership stakes as part of its evaluation, along with control over the "place of employment"). One significant, and likely dispositive, factor that courts have considered is whether the individual exercises financial control over the enterprise or holds the "purse-strings." <u>Donovan v. Grim Hotel Co.</u>, 747 F.2d 966, 972 (5th Cir. 1984); <u>Dole v. Simpson</u>, 784 F. Supp. 538, 545-46 (S.D. Ind. 1991) ("[t]his kind of financial control becomes almost conclusive when it involves the decision to keep a failing business in operation. An individual may become personally liable if he or she decides to keep employees working despite [] the corporation's inability to meet its statutory duty to pay the employees") (citing <u>Donovan v. Agnew</u>, 712 F.2d 1509, 1511 (1st Cir. 1983)).

Plaintiffs' proposed instruction fairly balances the need to give the jury guideposts for determining personal liability while also making clear that they should consider all the circumstances. It was proposed as a compromise, listing the factors Defendants wish to focus on, while also mentioning the significant factor that Plaintiffs intend to rely upon – *i.e.*, financial control. It accurately states the law in a fair and impartial manner.

JOINT DISPUTED JURY INSTRUCTIONS

## INDIVIDUAL DEFENDANTS' Proposed Jury Instruction No. 43
### Special Instruction: Individual Liability, Prior Rulings Under FLSA

Any person acting directly or indirectly in the interest of an employer in relation to an employee is liable under the Fair Labor Standards Act. A person may be personally liable under the Fair Labor Standards Act if they have substantial operational control over the business.

You must decide whether Class Plaintiffs have proven by a preponderance of the evidence that the Individual Defendants exercised control over the nature and structure of the employment relationship, or economic control over the relationship.

Individual liability is defined broadly to protect employees. You must consider "the total employment situation and the economic realities of the work relationship." You may consider whether the Individual Defendants: (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records. ~~You may also consider whether the Individual Defendants had financial control over the companies and whether they made the decision to continue operating despite their inability to pay. Your decision must be based "upon the circumstances of the whole activity."~~

**Source(s):** 29 U.S.C. § 203(d); *Lambert v. Ackerley*, 180 F.3d 997, 1001-02, 1012 (9th Cir.1999); *Bonnette v. California Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir.1983); *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309-10 (11th Cir. 2013); *Donovan v. Grim Hotel Co.*, 747 F.2d 966, 972 (5th Cir. 1984); *Dole v. Simpson*, 784 F. Supp. 538, 545-46 (S.D. Ind. 1991)

**Rationale:** The Individual Defendants are generally agreeable to this instruction other than the final two sentences, which they dispute. The mere fact that the Individual Defendants had "financial control" (a phrase that is vague and undefined) or helped to continue operating the Corporate Defendants is immaterial to individual liability under the FLSA. Because individual liability under the FLSA is the exception (not the rule), there must be <u>personal</u> involvement by a defendant— including the four enumerated factors established in cases like *Lambert* and *Bonnette*—involving activities like hiring the employees or setting their rates of pay.

JOINT DISPUTED JURY INSTRUCTIONS

In contrast to the clear standard established by the Ninth Circuit, Plaintiffs seek to confuse the issue with cases from other circuits.  But even those decisions, while they reference things like financial control, arise in situations where the individual defendant was <u>personally</u> involved at the worksite.  For example, in the *Lamonica* case, the Eleventh Circuit found that "[b]oth [individual defendants] job sites to observe the progress of shutter installations, and [one defendant] routinely distributed work orders to installers, describing the work they were required to complete that day."  *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1313 (11th Cir. 2013).  Through their instruction, Plaintiffs seek to have the jury skip over the Ninth Circuit's requirement that an individual defendant be personally involved in a plaintiff's <u>employment</u>, and instead allow a jury to conclude that the Individual Defendants (or, indeed, any executive) can be personally liable for wage claims brought by employees whom they did not supervise, interact with, or have any relationship with.

JOINT DISPUTED JURY INSTRUCTIONS

**PLAINTIFFS' Proposed Jury Instruction No. 45**
**Special Instruction: Individual Liability - WARN ACT**

I have found that Plaintiffs have established that StreetTeam Software, LLC and Network Travel Experiences, Inc. violated the Worker Adjustment and Retraining Notification Act, called the "WARN Act" by failing to give employees advanced notice of their layoffs. You will be required to decide whether Defendants Callum Negus-Fancey, Liam Negus-Fancey, and/or James Ellis are also liable for violations of the WARN Act.

To decide whether Defendants Callum Negus-Fancey, Liam Negus-Fancey, and/or James Ellis are individually liable, you must decide whether Plaintiffs have proven, by a preponderance of the evidence, that those Defendants were responsible for operating the business as a going concern at the time of the mass layoffs. You should consider all relevant evidence. You may consider whether Callum Negus-Fancey, Liam Negus-Fancey, and/or James Ellis exercised significant operational control over the business at the time of the layoffs, including whether they controlled the finances of the business.

You may also consider such factors as (1) whether the businesses had common ownership; (2) whether they shared officers or directors; (3) whether the individuals exercised control over the business in fact, even if they did not have formal legal control; and (4) whether the operations of the various companies were interdependent.

**Source(s):** *Chauffeurs, Sales Drivers, Warehousemen & Helpers Union Loc. 572, Int'l Bhd. of Teamsters, AFL-CIO v. Weslock Corp.*, 66 F.3d 241, 244 (9th Cir. 1995); *Childress v. Darby Lumber, Inc.*, 357 F.3d 1000 (9th Cir. 2004); *see also Pearson v. Component Tech. Corp.*, 247 F.3d 471, 483 (3d Cir. 2001) (holding that the WARN Act definition of enterprise was "intended [] to summarize existing law," including caselaw developed under the FLSA).

**Rationale:** The Parties dispute whether the Individual Defendants can be held liable for WARN Act violations, even without a finding of alter ego. Plaintiffs' position is that they may be held so liable. Their proposed instruction reflects this position.

The WARN Act "easily embraces *any* defendant who engages in a 'business enterprise,'" regardless of "the status of the defendant's legal relationship to the business." Weslock Corp., 66 F.3d at 244. The "employer" standard under the

WARN Act was intended to incorporate existing law, including the standard of the FLSA, which plainly contemplates individual liability. Childress, 357 F.3d at 1006 (quoting Int'l Bd. of Teamsters v. American Delivery Serv. Co., 50 F.3d 770, 775 (9th Cir. 1995)). Under the test articulated in Weslock and Childress, individual officers and directors can be personally liable for WARN violations. Kane v. PaCap Aviation Finance, LLC, 2025 WL 3285084, at *3-5 (D. Hawai'i Sept. 30, 2025).

JOINT DISPUTED JURY INSTRUCTIONS

**INDIVIDUAL DEFENDANTS' Proposal Re: Jury Instruction No. 45**
**Special Instruction: Individual Liability - WARN ACT**

**Rationale:** The Individual Defendants dispute the proposed instruction in its entirety and for two reasons.

First, there cannot be personal liability under the federal WARN Act. This flows from the unambiguous language of the statute. Under WARN, an "employer" may not order a plant closing or mass layoff without providing the required notice. *See* 29 U.S.C. § 2102(a). "Employer" is, in turn, defined as "any business enterprise that employs" certain numbers of employees. 29 U.S.C. § 2101(a)(1). In short, individuals cannot be personally liable for alleged violations of the WARN Act because coverage only applies to a "business enterprise", not to individuals. Many courts have held that there is no personal liability under the federal WARN Act, even where alter ego liability is established. *See, e.g., Kemp v. Jefferson Cnty. Comm. for Econ. Opportunity*, 2022 WL 22894579, at *4 (N.D. Ala. Nov. 8, 2022) (dismissing individual defendant from WARN Act claim); *Regal v. Butler & Hosch, P.A.*, 2015 WL 11198248, at *4 (S.D. Fla. Oct. 8, 2015) (same). Direct individual liability under the WARN Act is inappropriate because "neither the statute, the regulations, nor the legislative history makes any reference to persons." *Pierluca v. Quality Resources, Inc.*, 2016 WL 4163565, at *1 (M.D. Fla. Aug. 5, 2016).

Second, even if there could be personal liability for a WARN Act violation, the WARN Act is equitable in nature, and there is no Seventh Amendment right to a jury trial. *Fleming v. Bayou Steel BD Holdings II LLC*, 580 F. Supp. 3d 349, 352 (E.D. La. 2022), aff'd, 83 F.4th 278 (5th Cir. 2023) (finding "the nature of a WARN Act claim is more akin to a breach of fiduciary duty claim, which has an equitable remedy'), citing *Bledsoe v. Emery Worldwide Airlines, Inc.*, 635 F.3d 836 (6th Cir. 2011). "[T]he overwhelming weight of caselaw that characterizes the WARN Act and its remedial provisions as restitutionary and thus equitable in nature." *Kane v.*

19

*PaCap Aviation Fin.,* LLC, No. CV 19-00574 JAO-RT, 2023 WL 5499994, at *7 (D. Haw. Aug. 25, 2023).  As such, this is a matter for the judge, not the jury, to resolve.

JOINT DISPUTED JURY INSTRUCTIONS

**PLAINTIFFS' Proposed Jury Instruction No. 59**
**Alter Ego / Veil Piercing**

Plaintiffs assert that the Corporate Defendants are alter egos of the Individual Defendants. The alter ego doctrine holds owners or officers liable for the obligations of the corporation or limited liability company (LLC).

The general rule is that a corporation or LLC is an entity separate and distinct from its owners and officers. However, when it is necessary to circumvent fraud, or to protect the rights of a third party, or to accomplish justice, you may disregard the corporate form of a company from its owners or controlling officers and treat them as identical. This is called alter ego doctrine.

To apply the alter ego doctrine, Plaintiffs must prove both of the following:

1) That there is such a unity of interest and ownership that the separate personalities of the Corporate Defendants and the Individual Defendants no longer exist; and

2) That, if the acts of the Corporate Defendants are treated as their acts alone, an inequitable result will follow.

You may consider various factors to determine whether there is a unity of interest, including, without limitation:

- Whether the Individual Defendants and Corporate Defendants commingled funds and other assets, failed to segregate funds of separate entities, and diverted corporate funds or assets to other entities or personal uses;

- The treatment by the Individual Defendants of company assets as their own;

- The identical ownership in the Corporate Entities; the identification of equitable owners with dominion and control over the entities; identification of the directors and officers of the entities as the responsible supervision and management; sole ownership of all shares in the Corporate Defendants by the same person or company;

- The use of the same office or business location and the employment of the same employees or attorneys;

- The failure to adequately capitalize the Corporate Defendants or the total absence of corporate assets and under-capitalization;

- The use of a company as a mere shell, instrumentality, or conduit for a single venture;

- The disregard of legal formalities and the failure to maintain an arm's length relationship among related entities;

- The use of one entity to procure labor, services, or merchandise for another;

- The diversion of assets from a corporation by or to another entity, to the detriment of creditors, or the manipulation of assets and liabilities.

- The contracting with another with intent to avoid performance by use of a corporate entity as a shield against liability.

21                                          Case No. 2:23-cv-02226-HDV (AGRx)

JOINT DISPUTED JURY INSTRUCTIONS

- The formation or use of a corporation to transfer to it the existing liability of another person or entity."

**Source(s):** *Safeway, Inc. v. Pivotal Sales Co.*, 2010 WL 2136470, at *14 (Cal. Ct. App. May 27, 2010) (affirming substantially similar instructions against challenge as correct statement of California law); *see also United States v. Everett*, 2008 WL 3843831 (D. Ariz. Aug. 14, 2008), *aff'd* 375 F. App'x 748.

**Rationale:**  The parties dispute whether alter ego is a determination that may be made by a jury.  It is Plaintiffs' position that it is appropriate for a jury to make a determination that a corporation is an alter ego of an individual such that it is appropriate to pierce the corporate veil.  See Logtale, Ltd. v. IKOR, Inc., No. 11 Civ. 05452 (EDL), 2015 WL 12942493, at *1 (N.D. Cal. Dec. 1, 2015).  These instructions are based on substantially similar instructions that were affirmed as appropriate after having been presented to a jury in Safeway, Inc. v. Pivotal Sales Co., 2010 WL 2136470, at *14 (Cal. Ct. App. May 27, 2010).  They are therefore appropriate for the alter ego determination in the instant case.

JOINT DISPUTED JURY INSTRUCTIONS

## **INDIVIDUAL DEFENDANTS' Proposal Re: Jury Instruction No. 59**
### Alter Ego / Veil Piercing

**Rationale:**  The Individual Defendants dispute this instruction in its entirety because resolving the issue of alter-ego liability is a question of equity, not law, for the judge to resolve.  "Plaintiff's alter ego claim is one sounding in equity to which no constitutional right to a trial by jury exists."  *Smith v. Lanza*, 2022 WL 20243472, at *2 (N.D. Cal. Apr. 18, 2022).  Under binding California case law,  "[i]t is well-settled that the alter ego doctrine is essentially an equitable one and for that reason is particularly within the province of the trial court ...[and] a jury cannot be demanded as of right in such actions" (internal quotations omitted).  *Dow Jones Co. v. Avenel*, 151 Cal. App. 3d 144, 147-48 (1984).  Simply put, there is no reason to submit an equitable issue to the jury, an unnecessary determination that will only complicate the issues that are properly before the jurors.

**PLAINTIFFS' Proposal Re: Jury Instruction No. 60**
**Special Instruction: Causation**

**Rationale:** Defendants' proposed instruction misstates the law and is therefore not appropriate for a jury. They are attempting to import a CACI negligence instruction, designed for auto accidents and similar personal injury cases, into an employment case. Making matters worse, they have rewritten the instruction in a partisan manner that does not comply with California law. The parties have already agreed to an instruction addressing the standard for personal liability under California Labor Code § 558.1. A second instruction specifically on causation is not necessary and places undue emphasis on Defendant's causation argument, especially when it is not consistent with law. If any instruction is needed, it should follow the legal standard of Labor Code § 558.1 or, at minimum, simply instruct on the "substantial factor" causation test stated in CACI No. 430. *See* CACI No. 430 ("A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm").

Defendants seem to justify their contention that an individual must take some affirmative action to be liable for wage violations from caselaw like Facebook, Inc. v. Power Ventures, Inc., 844 F.3d 1058, 1069 (9th Cir. 2016), which comes from outside of the wage and hour litigation context. It is actually clear from the cases Defendants cite that the opposite is the case, and that "absent such personal involvement," a defendant may be individually liable for wage violations where he "had sufficient participation in the activities of the employer, including, for example, over those responsible for the alleged wage and hour violations, such that the 'owner' may be deemed to have contributed to, and thus for purposes of this statute, 'cause[d]' a violation." Usher v. White, 279 Cal. Rptr. 3d 281, 291 (Cal. App. 4th Dist. 2021); see also Espinoza v. Hepta Run, Inc., 74 Cal. App. 5th 44, 59

JOINT DISPUTED JURY INSTRUCTIONS

(2022) ("We agree generally with Usher and the federal cases it cited that, in order to 'cause' a violation of the Labor Code, an individual must have engaged in some affirmative action beyond his or her status as an owner, officer or director of the corporation. However, that does not necessarily mean the individual must have had involvement in the day-to-day operations of the company, nor is it required the individual authored the challenged employment policies or specifically approved their implementation. But to be held personally liable he or she must have had some oversight of the company's operations or some influence on corporate policy that resulted in Labor Code violations").

### INDIVIDUAL DEFENDANTS' Proposed Jury Instruction No. 60
### Special Instruction: Causation

For purposes of determining whether the Individual Defendants "caused" the failure to pay wages, one or more of the Individual Defendants must have been personally involved in the nonpayment of wages.

To be personally involved, an Individual Defendant must take some affirmative action that is substantial and more than just remote or trivial conduct.  Likewise, affirmative action requires something beyond being an owner, officer, director, or managing agent.

In this case, even if an Individual Defendant knew that employees of the Corporate Defendants might not be paid, that is insufficient to have "caused" the failure to pay wages.

**Source(s):**  CACI No. 430 (modified); *Usher v. White*, 64 Cal. App. 5th 883, 896–97 (2021); *Espinoza v. Hepta Run, Inc.*, 74 Cal. App. 5th 44, 59 (2022); *United States Liab. Ins. Co. v. Haidinger-Hayes, Inc.*, 1 Cal. 3d 586, 595 (1970); *Schwartz v. Pillsbury Inc.*, 969 F.2d 840, 843 (9th Cir. 1992); *Facebook, Inc. v. Power Ventures, Inc.*, 844 F.3d 1058, 1069 (9th Cir. 2016)

**Rationale:**  The Individual Defendants' instruction is necessary.  All of the case law, including the authorities cited by Plaintiff, confirm that—to have "caused" the non-payment of wages—the Individually Defendants must have been personally involved and engaged in some affirmative act.  For example, in *Espinoza v. Hepta Run, Inc.,* 74 Cal. App. 5th 44, 59 (2022), the California Court of Appeal recognized that "an individual must have engaged in some affirmative action beyond his or her status as an owner, officer or director of the corporation."  This instruction merely recognizes the requirement that an individual defendant have actually caused the violation, and that merely knowing that a violation might occur is not sufficient.

JOINT DISPUTED JURY INSTRUCTIONS

**PLAINTIFFS' Proposal Re: Jury Instruction No. 61**
**Special Instruction: Statements of Fact (Fraud)**

**Rationale:** Defendants do not accurately set forth the law in their proposed instruction.  While representations about future events are generally not actionable as fraud, "an exception to this rule exists '(1) where a party holds himself out to be specially qualified and the other party is so situated that he may reasonably rely upon the former's superior knowledge; (2) where the opinion is by a fiduciary or other trusted person; [and] (3) where a party states his opinion as an existing fact or as implying facts which justify a belief in the truth of the opinion.'"  (quoting Cohen v. S & S Construction Co., 151 Cal.App.3d 941, 946 (1983)).  Such is alleged to be the case here.  Further, if "an optimistic statement creates an impression of a state of affairs that differs in a material way from the one that actually existed, it may be actionable."  Toyo Tire Holdings of Americas Inc. v. Ameri and Partners, Inc., 753 F. Supp. 3d 966, 984 (C.D. Cal. 2024) (quoting Zaidi v. Adamas Pharms., Inc., 650 F. Supp. 3d 848, 859 (N.D. Cal. Jan. 13, 2023)).  Defendants' main citation, Cansino v. Bank of America, 224 Cal.App.4th 1462, 1469-70 (2024), elides this exception to the rule because it was not relevant in that case.  There is no justification for including this partial statement of the law, which is completely outside of the CACI, in these jury instructions.

JOINT DISPUTED JURY INSTRUCTIONS

**INDIVIDUAL DEFENDANTS' Proposed Jury Instruction No. 61**
**Special Instruction: Statements of Fact (Fraud)**

For the Individual Defendants to be liable for intentional misrepresentation, the misrepresentation must apply to a past or existing fact.

Under the law, a statement or prediction regarding a future event is a mere opinion. An opinion is not actionable and cannot be the basis for intentional misrepresentation.

**Source(s):** *Cansino v. Bank of America,* 224 Cal.App.4th 1462, 1469-70 (2024); *Nibbi Bros., Inc. v. Home Fed. Sav. & Loan Assn.*, 205 Cal. App. 3d 1415, 1423 (1988) (citation and quotation marks omitted); *Borba v. Thomas*, 70 Cal. App. 3d 144, (Ct. App. 1977).

**Rationale:** The Individual Defendants' proposed jury instruction is drawn, virtually verbatim, from the *Cansino* decision. *See, e.g.*, *Cansino v. Bank of America,* 224 Cal.App.4th 1462, 1469-70 (2024) ("Statements or predictions regarding future events are deemed to be mere opinions which are not actionable."). The need for this instruction is acute in this case, where Plaintiffs allege that one or more of the Individual Defendants allegedly engaged in misrepresentations as to <u>future</u> events, *e.g.*, whether the Corporate Defendants were likely to be purchased by another business and hence able to continue operating. There can be no harm to a jury instruction that, simply and succinctly, accurately states the law as to what is or is not a misrepresentation, and while clarifying the different between an opinion rather than a statement of fact.

DATED: Apri 20, 2026

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Alexander M. Chemers*
Alexander M. Chemers
MiRi Song
Juliana C. Vallier

Attorneys for Defendants
CALLUM NEGUS-FANCEY, LIAM NEGUS-FANCEY and JAMES ELLIS

DATED: April 20, 2026

ROBINSON MARKEVITCH & PARKER LLP

By: */s/ Damion D. D. Robinson*
Damion D. D. Robinson
Kevin R. Allen

Attorneys for Plaintiffs
TAYLER ULMER, SERGIO GIANCASPRO, CORI ERSHOWSKY, ALEXIS GERACI, JAMERE BOWERS, ADAKU IBEKWE, and all others similarly situated

JOINT DISPUTED JURY INSTRUCTIONS